GEORGETOWN LAW CIVIL RIGHTS CLINIC

600 New Jersey Avenue NW, Suite 352, Washington, D.C. 20001-2075
Telephone: 202-661-6739

Aderson Francois, *Director*              Alexander Afnan, *Supervising Attorney*
Nicole M. Rheault, *Deputy Director*       Allison Black, *Supervising Attorney*

February 13, 2026

Clifton Cislak
Clerk of the Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse and William B. Bryant Annex
333 Constitution Ave. NW
Washington, D.C. 20001

    Re:    **No. 25-7056,** *Alston v. District of Columbia*
                   **Rule 28(j) Letter**

Dear Mr. Cislak:

      I write on behalf of Appellee Kenethia Alston to bring to the Court's attention a decision issued after the filing of Ms. Alston's opposition brief: *Cooper v. Doyle*, 163 F.4th 64 (4th Cir. Dec. 30, 2025). The Fourth Circuit's decision is pertinent because it addressed the exact same issue presented in this appeal, with strongly analogous facts.

      Both this case and *Cooper* involve Fourth Amendment claims for excessive force stemming from police officers using deadly force against a fleeing suspect, and both cases involve a denial of qualified immunity due to disputed material facts. *See id.* at 72–73, 75. In *Cooper*, the decedent similarly "looked backward to his right," *id.* at 72, before officers "fired at [him] from approximately seven feet away," *id.* at 73, as "[his] hand [was] combing back out," *id*. Moreover, as in this case, the parties materially dispute not only whether the individuals possessed firearms, but also whether the fleeing decedents—simply by turning to officers—posed a reasonable risk of safety thereto. *Id.* at 73, 75–76.

      In *Cooper*, the Fourth Circuit held that it lacked jurisdiction to review whether "the district court erroneously identified genuine disputes of material fact." *Id.* at 78. The court found that even assuming the decedent did in fact possess a firearm, it lacked jurisdiction to review the

1

district court's determination that a reasonable jury could conclude that the suspect never pointed a gun and fired at the officers. *Id.* at 76–77. This includes lacking jurisdiction to "review the [district] court's determinations that . . . [the decedent] never 'posed an immediate threat to the Officers' safety or the safety of anyone else.'" *Id*.

Kind regards,

Alexander Afnán
*Counsel for Plaintiff-Appellee*

Word count: 276 words